IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KAPABLE KIDS LEARNING CENTER, INC.                                    PLAINTIFF


v.                                    No. 4:03CV00754 GH


ARKANSAS DEPARTMENT OF HUMAN SERVICES, ET AL.            DEFENDANTS


**ORDER**

The Court granted plaintiff's motion for summary judgment by order filed on April 28th in

this suit regarding the defendants refusal to enroll the plaintiff as a Medicaid provider in violation

of plaintiff's federal constitutional and statutory rights.  Judgment in favor of plaintiff was filed and

entered on May 2nd.

On May 16th, plaintiff through its attorney Bowen & Brenner, PLLC, filed a motion for

attorney's fees in the amount of $19,756.50 and costs of $95.34 expended from February 6, 2006

to the present while stating that a separate motion would be filed for fees and costs incurred between

September 2003 and January 2006.  The motion is supported by brief, itemized statements, and

affidavits.  Plaintiff seeks the payment of its costs and reasonable attorney's fees given its status as

the prevailing party.

Martin W. Bowen (attorney) seeks $16,360  for 81.80 hours at an hourly rate of $200.00.

Benjamin D. Brenner (attorney) requests an hourly rate of $185.00 for 12.90 hours for a total of

$2,386.50.  Miranda L. Stone (paralegal) seeks $1010.00 for 10.1 hours at an hourly rate of $100.00.

Supporting affidavits are submitted by Bowen, Brenner and Stone.  Expenses of $95.34 for copies, postage, mileage, and lunch are also requested.

That same date, plaintiff filed a supplemental motion for attorney's fees in the amount of $86,297.50 and costs in the amount of $2,982.65 incurred by Armstrong Allen, PLLC, from September 2003, until January 31, 2006.  The breakdown of requested fees follows: Brenner (attorney) – 68.80 hours at an hourly rate of $185.00 for a total of $12,728.00; Dawn W. Peoples (paralegal) – 8.80 hours at an hourly rate of $100.00 for a total of $880.00; Jeff L. Singleton (attorney) – 0.40 hours at an hourly rate of $185.00 for a total of $74.00; Janet Pulliam (attorney) – 29.90 hours at an hourly rate of $225.00 for a total of $6,727.50; Michelle H. Cauley (attorney) – 13.10 hours at an hourly rate of $185.00 for a total of $2,423.50; Humphries a/k/a Stone (paralegal) – 108.30 hours at an hourly rate of $100.00 for a total of $10,830.00; Bowen (attorney) – 263.60 hours at an hourly rate of $200.00 for a total of $52,720.00; and Sara E. Williams (law clerk) – 2.40 hours at an hourly rate of $30.00 for a total of $72.00.  Supporting affidavits are submitted by Bowen, Brenner and Stone.  Costs sought are for copy charges, postage, fax charges, filing fee, clerk runs, deposition/transcript costs, Pacer research, long distance telephone, Secretary of State certificates of good standing, index supplies for motion, mileage, witness and mileage fees, meal expenses, and Lexis research.

On May 31st, defendants filed a combined response to the motions asserting the amounts claimed are excessive, unreasonable, include charges for activities that are clearly within normal overhead costs, and should be reduced substantially.  They state that they do not dispute the amount of time claimed by Bowen, but do take exception to the hourly rate sought referring to the $200.00 per hour sought as opposed to the $145.00 hourly rate in the withdrawn Armstrong Allen motion.

Likewise, defendants point to the requested $185.00 rate versus the withdrawn motion which assessed Brenner's value at $135.00 per hour which they contend is a far more reasonable rate for an attorney with his limited years of experience. They challenge the $100.00 per hour requested for Stone as the withdrawn motion set her rate at $80.00 per hour, her supporting affidavit states that she has been working as a paralegal for approximately eighteen months, and many of the items are clearly normal and routine office procedures not specific to this case which should be charged to office overhead.

Defendants cite five examples: the 2-7-05 fax of 0.30 hours by Humphries for 35 pages at a rate of $1.25 per page for a total of time and cost of almost $75.00 which could have been personally hand delivered by a courier; Humphries seeking 2.40 hours for working on medical records on 3-14-05 when there were no issues for which medical records were required and so calls into question the accuracy of all of her claimed time; Brenner's 0.40 hours of file maintenance in gathering materials for summary judgment on 3-14-05 that such ministerial tasks should be delegated; Pulliam's 2-7-05 research and analysis and attorney conference regarding validity of statute and Rule 56(f) of 3.5 hours and 0.20 hours to get docket sheet when obtaining a docket sheet could have been performed by support staff, Humphries' inordinate amount of time billed for file maintenance should have had the file in remarkable and immaculate condition, and why it took 3.5 hours on something as simple and straightforward as Rule 56(f);[1] and Brenner's 0.20 hours for 8-25-05 telephone call with defendants' counsel which actually took little more than one minute in stating

---

[1]Defendants note that Pulliam's services are assessed at the hourly rate of $225.00 in the supplemental and withdrawn motion.

no objection to the substitution of the newly appointed director of the agency by operation of law. They decline to belabor the issue and remind the Court that all monies will come from the state fisc.

Plaintiff filed a reply on June 6th noting that defendants do not contest the number of hours claimed for the work done by Bowen or Brenner and that none of the questioned charges date from the time when plaintiff was represented by the Bowen Law Firm or by Bowen & Brenner, PLLC. It counters that defendants did not submit any affidavits or other authority to support the reduced rates which were derived from the erroneously filed motion which was withdrawn. Plaintiff submits affidavits from two attorneys supporting the $200.00 per hour rate for Bowen and the $185.00 per hour rate for Brenner. Finally, plaintiff requests that the Court consider the motions separately and issue two separate awards.

In light of the specific information contained in the affidavits of Bowen, Brenner, Phillip E. Kaplan and Patrick R. James and without any controverting affidavits, the Court is persuaded that the requested hourly rates of $200.00 for Bowen and $185.00 for Brenner are justified in this case. However, the Court does not find that the $100.00 hourly rate for Stone is reasonable or warranted. Her affidavit reflects experience as a paralegal since January 3, 2005. The Court notes that an hourly rate of only $30.00 was requested – albeit in the supplemental motion – for Williams who is a law clerk although Stone seeks the same $100.00 per hour rate for her time in the supplemental motion as well. Moreover, the $100.00 per hour rate is not in line with what is normally requested or awarded in this Court. Thus, the Court is persuaded that an hourly rate of $50.00 is appropriate for Stone/Humphries.

The Court is reducing the requested 0.20 hours for Bowen on April 4th to 0.10 hours; Stone's March 13th and 14th requests of 0.20 hours each for telephone calls to the court are similarly reduced.

The claims for mileage on March 22nd and March 27th are not supported by related entries.  The Court finds the Brenner's drafting of Stone's affidavits should be reduced to 0.20 hours total and that there is no affidavit regarding Pulliam that Brenner is claiming 0.30 hours.  The April 10th $17.57 cost for lunch is disallowed.

Hence, as to the motion (#94), the Court will award Bowen 81.70 hours at an hourly rate of $200.00 for a total of  $16,340.00; Brenner is awarded 12.40 hours at an hourly rate of $185.00 for a total of $2,294.00; and Stone is awarded 9.9 hours at an hourly rate of $50.00 for a total of $495.00. Costs in the amount of $63.53 are also awarded.

Turning to the supplemental motion (#97), the hourly rates for Bowen, Brenner, and Stone will apply here as well.  As defendants referenced the $225.00 rate requested for Pulliam without objection, the Court will permit that to be her hourly rate.  However, there are no facts offered whatsoever in support of the requested rates for Peoples, Singleton, Cauley and Williams; without a factual basis, the Court is unwilling to make an award for these four individuals.

The Court agrees with defendants that some of the hours requested are clerical in nature. The Court is also of the opinion that a number of the hours claimed are excessive or are not related to an actual event.  For example, the 10-03-03 entry has Bowen receiving and reviewing the final scheduling order although the case was not set for trial until February 11, 2004.  Continuing, a total of 22.6 hours is claimed for working on the response to the motion to dismiss.  The 05-14-04 entry claims 18 minutes to review an order consisting of a seven-line body continuing the trial and setting new deadlines and is duplicated by an entry on 05-17-04. Over 130 hours are claimed by attorneys and Stone in researching, conferring and responding to the summary judgment motion from January

28, 2005 through March 30, 2005.  Stone claims 18 minutes to fax on 02-07-05 and 12 minutes on

06-15-05.

Therefore, the Court will permit 55 hours for Brenner at the $185.00 hourly rate for a total

of $10,175.00; 23 hours for Pulliam at the $225.00 hourly rate for a total of $5,175.00;  88 hours for

Stone at the $50.00 hourly rate for a total of $4,400; and 233 hours for Bowen at the $200.00 hourly

rate for a total of $46,600.00.

Likewise, there are entries for postage and entries for clerk runs to the courthouse without

anything being filed that date.  The Court agrees with defendants that the fax charges are excessive

as is the entry for supplies.  Needless to say, the meal expenses of $32.65 at Cothams is not

recoverable as costs.  The Court finds that reasonable costs are $2,769.95.

Accordingly, plaintiff's May 16th motion (#94) for attorney's fees and costs is granted in part

and denied in part.  Attorney's fees including paralegal hours are awarded for this motion in the

amount of $19,129.00; costs of $63.53 are also awarded.  Plaintiff's May 16th supplemental motion

(#97) for attorney's fees and costs is granted in part and denied in part.  Attorney's fees including

paralegal hours for this motion are awarded in the amount of $66,350.00; costs of $2,769.95 are also

awarded.

IT IS SO ORDERED this 13th day of February, 2007.


_____
UNITED STATES DISTRICT JUDGE